UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN ELSON BOUIE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-301 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER REQUIRING PLAINTIFF TO FILE LEGIBLE COMPLAINT AND ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

Plaintiff John Elson Bouie, a Texas inmate appearing *pro se,* has filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). The printing on Plaintiff's complaint is faded and is of poor quality. The Court is unable to read Plaintiff's complaint. Therefore, Plaintiff is ordered to file on or before **August 18, 2016,** a legible complaint, one with dark text capable of being read by the Court. Further, Plaintiff's request to proceed *in forma paupeis* is deficient because Plaintiff has failed to submit a certified copy of his inmate trust fund account statement and a fully completed application to proceed *in forma pauperis*. Plaintiff's deadline to submit these documents is also **August 18, 2016**. (D.E. 5).

Plaintiff is cautioned that Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).

Plaintiff is further cautioned his case is subject to screening. Under the Prison Litigation Reform Act, any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999).

Plaintiff's case will be dismissed upon screening if it is determined the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. Plaintiff is further cautioned payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. If this case is dismissed on any of those grounds before payment of the entire filing fee, Plaintiff must still pay the entire filing fee. State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division, which is dismissed as frivolous or malicious. TEX. GOVT. CODE ANN. § 498.0045.

Further, when a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in*

*forma pauperis* unless the plaintiff is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Having been advised of the screening process, Plaintiff is granted leave to file an amended complaint on or before **August 18, 2016**.  Plaintiff is given this opportunity to plead his best case.

The clerk of court is instructed to send this order to Plaintiff with a proof of service card.

ORDERED this 20th day of July, 2016.

                                                                         Jason B. Libby
                                          United States Magistrate Judge

## **NOTICE TO PLAINTIFF:**

If you do not wish to pay the filing fee as set forth in this Order, you must notify the Court in writing, by letter or motion, that you do not wish to prosecute this civil action. Your notice must be mailed within thirty (30) days from the entry of this order. Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. If the case is dismissed on any of those grounds before payment of the entire filing fee, the plaintiff must still pay the entire filing fee. State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division, which is dismissed as frivolous or malicious. TEX. GOVT. CODE ANN. § 498.0045.

When a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELCHOR HAWKINS JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-271 |
| | § | |
| CAROLYN W. COLVIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MOTION FOR VOLUNTARY DISMISSAL**

I, _____, plaintiff, seek voluntary dismissal under FED. R. CIV. P. 41(a) because I do not want to pay the filing fee in this case.

_____
Plaintiff

_____
Date